**Ronald L. AARON, et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**The CITY OF WICHITA, KANSAS, Defendant.**

No. 90–1536–PFK.

United States District Court, D. Kansas.

May 3, 1993.

Charles W. Harris of Curfman, Harris, Rose, Weltz & Smith, and Ronald D. Innes, Wichita, KS, for plaintiffs.

Robert L. Howard, Richard D. Ewy, and Gloria Flentje of Foulston & Siefkin, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Plaintiffs, current and former fire fighters of the Operations/Fire Suppression Division of the Wichita Fire Department, have moved for prejudgment interest on all underpayments of straight time and overtime wages owed them by the City of Wichita (City). (Dkt. No. 100.) The City has responded to plaintiffs' motion and plaintiffs have filed their reply. Upon reviewing the parties' briefs, the court finds no hearing on this matter is necessary.

Plaintiffs brought this suit against the City alleging violations of the Fair Labor Standards Act (FLSA). On June 17, 1992, this court entered a memorandum and order in which the court held the City had violated § 7 the FLSA, as amended and codified at 29 U.S.C. § 207. (Dkt. No. 58.) On March 9,

1993, the court further held the City's violations were not willful, and therefore the City was not required to pay liquidated damages pursuant to 29 U.S.C. § 216(b). (Dkt. No. 94, March 9, 1993 Memo. and Order at 22.) Most recently the City was ordered to determine all straight time, nonworking hours, and overtime compensation due each plaintiff. (Dkt. No. 103, April 16, 1993 Memo. and Order at·8.)

Plaintiffs argue that in the absence of a liquidated damages award, they are entitled to prejudgment interest. See *Blim v. Western Elec. Co., Inc.,* 731 F.2d 1473, 1479 (10th Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984) (Age Discrimination·in Employment Act (ADEA) case applying FLSA provisions; court held prejudgment interest cannot be awarded if plaintiffs receive liquidated damages). Plaintiffs claim such an award is necessary to fully compensate them for their losses. For support, plaintiffs cite *Donovan v. Sovereign Sec., Ltd.,* 726 F.2d 55, 57 (2d Cir.1984), which states "[t]he overwhelming weight of authority is that pre-judgment interest should generally be included in a back pay award ... even if the underpayments were made in good faith...." ' The *Donovan* court went on to explain that "[p]re-judgment interest obviously serves the compensatory purpose by making up for the delay in receiving the money, during which time the employees were denied its use, and by partially offsetting the reduction in the value of the delayed wages caused by inflation." 726 F.2d at 58.

Several courts have discussed the various functions of prejudgment interest awards. For example, such an award serves to make whole an employee who has been deprived of his wages unlawfully and also discourages unlawful employment practices by the employer. *Ford v. Alfaro,* 785 F.2d 835, 842 (9th Cir.1986). In *Brock v. Richardson,* 812 F.2d 121, 127 (3d Cir.1987), the court found awarding prejudgment interest served to remedy the business advantage the employer gained by violating the FLSA. Put another way, the award prevents the employer from being unjustly enriched.

The City acknowledges the reasons for awarding prejudgment interest and further states that such awards should be ordered or denied after considering principles of fairness and equity. *Brock,* 812 F.2d at 126. The City, however, argues the purposes served by awarding prejudgment interest will not be served in this case if the court grants plaintiffs' motion. The City points out it is not a profit-making institution and thus, the unpaid wages did not generate a windfall for the City. Moreover, the City did not gain an unfair competitive advantage because it is not in competition with any other fire departments. Finally, the City contends it should not have to pay prejudgment interest because, had the City paid the wages the court has since determined were due, the individual fire fighters would have spent those small additional payments rather than invested those monies.

The court agrees that because the employer in this case is a governmental entity and not a profit-making business, some of the purposes served by awarding prejudgment interest will not be served here. The court, however, does not believe that fairness and equity weigh in the City's favor. The fact that the City has a local monopoly on employing fire fighters should not outweigh the fact that the back pay the plaintiffs will receive now is not worth as much as when it was earned. The City's arguments belittle the importance of even small amounts of money to the wage earning plaintiffs. This court is especially persuaded by the reasoning articulated in *Heiar v. Crawford County, Wis.,* 746 F.2d 1190 (7th Cir.1984), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985) (case involved violations of the ADEA). There, the court stated:

> The usual assumption in economics as in life is that a dollar today is worth more than a dollar tomorrow, both because it can be invested and earn interest and because the future is uncertain. On that assumption the plaintiffs have lost something by having to wait years to receive the salary payments that it now turns out the defendants owed them, even if they did not borrow during the interim.

746 F.2d at 1203.

It is within the court's discretion to award prejudgment interest. *Donovan,* 726 F.2d at

58. For the above reasons, plaintiffs' motion for prejudgment interest is granted. The parties agree that the interest should be based on the federal judgment interest rate as provided by 28 U.S.C. § 1961. See *Ford,* 785 F.2d at 842 (prejudgment interest should ordinarily be awarded at postjudgment rate).

IT IS THEREFORE ORDERED this 3 day of May, 1993, that the plaintiffs' motion for prejudgment interest (Dkt. No. 100) is granted.

IT IS FURTHER ORDERED that the City of Wichita shall adjust its complete and accurate accounting of all straight time, non-working hours, and overtime compensation due each plaintiff to include prejudgment interest at the rate provided by 28 U.S.C. § 1961. Prejudgment interest shall be calculated on all amounts due plaintiffs from the date of accrual of each underpayment.